EDUARDO RIVERA COLÓN, Plaintiff and Appellee, v. JORGE COLÓN MELÉNDEZ, Defendant and Appellant.

No. 8629. Argued April 7, 1943.—Decided May 18, 1943.

*Ramón G. Goyco* for appellant. *E. Tristani, Jr.,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The heirs of Ramón Meléndez and Rosalía Rivera were owners of a 570-acre estate located in the ward of Caonillas Arriba, municipal district of Villalba. From said estate a 200-acre lot was segregated and sold to Eduardo Rivera Co-

lón by public deed executed on February 27, 1937, before Notary Edelmiro Huertas Zayas. By virtue of said segregation the estate was reduced to 370 acres. The inheritance tax of Rosalía Rivera, their ancestor, not having been paid, the Collector of Internal Revenue of Villalba, as appears from the auction certificate introduced in evidence, dated April 4, 1940, attached and sold property of said heirs that is thus described:

"Rural estate, located in the ward of Caonillas Arriba, Municipality of Villalba, P. R., with an area of 570 acres in half joint ownership and a house."

It continues by stating the boundaries and further on in the same auction certificate it is stated:

"During the auction the following offers were made:

" * * * * * * *

"(a) Mr. Eduardo Rivera Colón, . . . offered for the half joint ownership of the estate, the sum of $185.94.

" * * . * * * * *

". . . and since the offer made by Mr. Eduardo Rivera Colón, of the above-referred personal circumstances, was the highest and only offer, and the said gentleman having deposited $185.94, the total amount of his offer, the property for which he bid is adjudged to him without prejudice to the right of redemption of the interested parties according to law."

On March 9, 1940, a "certificate of sale of real property" was issued to Rivera Colón, and in said certificate the property sold was described anew as "a joint ownership of the 570-acre estate and house in the ward of Villalba Arriba, bounded on the north by Juan Cintrón Velazco; on the south by the Toavacas River; on the east by Andrés Hernández, Jacinto Santiago, and Manuel Maldonado; and on the west by the Toavacas River."

For the purpose of argument, we are going to assume that what was really sold by the collector and bought by Eduardo Rivera Colón was not the indeterminate joint ownership to which the auction certificate and the "Certificate

of Sale of Real Property," refer, but the remainder of the estate which, because 200 acres of it were segregated, had been reduced to 370 acres; and we are going to assume also that, of these 370 acres, Eduardo Rivera Colón sold a lot of 185 acres to Juan Colón, who later sold it to Tinio Colón, and that for said reason Eduardo Rivera Colón's estate has an area of 385 acres, that is, 200 acres which he purchased in the year 1937, and the 185 acres which was the object of the auction.

The heirs permitted one year to elapse from the time of the auction without exercising their right of redemption.

On April 25, 1941, Eduardo Rivera Colón fell ill with infantile paralysis, leaving Puerto Rico on August 7 of that same year, to enter Warm Springs Sanitarium, Georgia, on September 1, 1941; returning to Puerto Rico seven or eight months later. A year after the sale Eduardo Rivera Colón placed on the estate some cattle, horses, and sheep; but nevertheless, at least one of the previous owners, Rita Meléndez, who had lived on the estate for ten years, continued to occupy it, and on February 24, 1942, leased to her son, defendant herein, Jorge Colón Meléndez, a 25-acre lot located within the 185 acres which Eduardo Rivera Colón had retained. On June 1942, Eduardo Rivera Colón went personally to the estate, finding that Jorge Colón Meléndez was preparing the soil, and planting the said 25-acre lot. When the latter refused to abandon the estate, Rivera Colón filed in the lower court the petition for injunction, which gave rise to the judgment on appeal herein. It seems absurd that, since the joint ownership that existed among the heirs of José Ramón Meléndez and Rosalía Rivera, had not been previously divided, that Rita Meléndez would be able to lease a definite portion of said estate. The lease was possible due to the fact, as may be deduced from the evidence, that since no division of the property had been made, the heirs had privately assigned each other definite portions of said estate, at least among those who lived on the estate, and the

25 acres leased to defendant herein, were included within the definite portion possessed by heir Rita Meléndez.

The judge of the lower court granted the injunction, basing his position principally on the fact that by virtue of the "certificate of sale" issued by the Collector of Internal Revenue of Villalba, the plaintiff had acquired the estate in question, and this being so, Rita Meléndez had no right whatsoever in the estate which he could transfer to her son, the defendant.

 Assuming for the sake of argument the validity of the "Certificate of Sale of Real Property," we would have to decide that the remedy of injunction sought in this case, does not lie for the simple reason that injunction is an action in equity, and a remedy in equity cannot be granted when there exists another remedy at law which is equally speedy, adequate, and effective. Under the circumstances we have assumed, the appellee would have said remedy in an action of unlawful detainer. *José María Colón Meléndez* v. *Providencio Rivera*, decided, March 10 (61 P.R.R. 541). But if we would consider that the title of the plaintiff if not void, is at least doubtful, due to the way in which the auction certificate and the certificate of sale were issued, neither would injunction lie, as was said in *Martínez et al,* v. *Soto,* 31 P.R.R. 559, 561, citing Ruling Case Law:

" 'And it is a general rule that an injunction will not be granted where there is a dispute as to the legal right involved and the right of the complainant is doubtful; the theory being that it is the duty of the court to protect acknowledged rights rather than to establish new and doubtful ones. Therefore, where the plaintiff's right has not been established at law, or is not clear, but is questioned on every ground on which he puts it not only by the answer of the defendant, but by proofs in the cause, he is not entitled to remedy by *injunction.* . . It follows from this that a court of equity will not interfere to prevent a disturbance of an *easemant,* unless complainant's right has been established at law.' 14 R.C.L. 355–356."

54

See also *Antonio Rojas & Co. Inc.* v. *Luna*, 39 P.R.R. 756; *Municipality of Comerío* v. *Rivera*, 34 P.R.R. 393; and *Muñoz* v. *Viejo*, 35 P.R.R. 793, 798, 799.

Whether or not the certificate of sale is valid, for the above-stated reasons, the appeal must be sustained and the judgment reversed, and in its place a new judgment entered, dismissing the petition for injunction, with costs payable by the plaintiff.